IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NICHOLAS COX,**

    **Plaintiff,**

    v.                                                   CASE NO. 25-3082-JWL

**JENNELL BUCHANAN, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

Plaintiff Nicholas Cox is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**1. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). Plaintiff paid the full filing fee.

Plaintiff alleges that Jennell Buchanan, Unit Team Manager at EDCF, is responsible for cell assignments, and she moved him from cellhouse A2 to A1 in June 2024 and tried to force him to take a validated Sureno gang member as a cellmate. Plaintiff refused and was given a disciplinary report. Then, Buchanan tried to move a VLB gang member into Plaintiff's cell. Plaintiff accepted to avoid another disciplinary report. He claims that they got into an argument, and Plaintiff had to be moved. He then agreed to try the Sureno member. Plaintiff alleges that he was poisoned after living with the Sureno for a couple weeks. He was found unresponsive on the

1

floor. Plaintiff was given an intoxication disciplinary report but asserts that he was poisoned. He admits that he does not know if the Sureno or someone else poisoned him.

Plaintiff alleges that Buchanan and Warden Williams were deliberately indifferent to his safety by placing him with a known Sureno gang member. Plaintiff seeks compensatory and punitive damages "or full good time restoral which will provide almost immediate release." (Doc. 1, at 5.)

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

3

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

#### 1. Personal Participation

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)).

Plaintiff claims that Warden Williams "sets the policy for EDCF staff" and "should have had a policy that the unit team managers should check with security before pairing up people." (Doc. 1, at 4.) Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the

body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

Plaintiff's conclusory allegations fail to state sufficient personal participation by Defendant Williams. Plaintiff should show good cause why his claims against this defendant should not be dismissed.

**2. Failure to Protect**

"[P]rison officials have a duty to 'provide humane conditions of confinement,' including 'tak[ing] reasonable measures to guarantee the safety of . . . inmates.'" *Hooks v. Atoki*, 983 F.3d 1193, 1205 (10th Cir. 2020) (quoting *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (alteration and omission in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). "This duty includes 'a duty to protect prisoners from violence at the hands of other prisoners.'"

*Id.* (quoting *Farmer*, 511 U.S. at 833).

A claim of deliberate indifference requires a plaintiff to allege "that an official acted (or failed to act) in an objectively unreasonable manner and with subjective awareness of the risk." *Strain v. Regalado*, 977 F.3d 984, 987 (10th Cir. 2020) (noting that "the word deliberate makes a subjective component inherent in the claim"). "[A]n official's intent matters not only as to what the official did (or failed to do), but also why the official did it." *Hooks*, 983 F.3d at 1204 (citing *Strain*, 977 F.3d at 992). Plaintiff must establish that the "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Strain*, 977 F.3d at 990 (citations and alteration omitted).

This is not the first time that Plaintiff has filed a lawsuit based on alleged gang-related attacks. In *Cox v. Zmuda,* Case No. 22-3154-SAC, Plaintiff stated that in May 2020, he was attacked by an inmate with gang affiliation. He was placed in protective segregation but chose to return to general population because he developed a blood clot in his leg and wanted to be more active. Plaintiff alleged that he was immediately attacked by three inmates in August 2021 after returning to general population. He claimed cruel and unusual punishment based on the denial of yard time and his placement in segregation for 27 months.

In Case No. 23-3167-JWL (also *Cox v. Zmuda*), Plaintiff claimed a failure to protect based on the same May 2020 and August 2021 attacks described in Case No. 22-3154. The Court found that Plaintiff had failed to show that prison officials acted unreasonably in response to the attacks and gave Plaintiff an opportunity to show cause why the claim should not be dismissed. (*See* Case No. 23-3167-JWL, Doc. 24, at 7-8.) Plaintiff ultimately dismissed the case voluntarily. *Id*. at 25.

Here, Plaintiff has the additional problem of proving that an attack even occurred, let alone

6

that Buchanan acted with deliberate indifference. Based on the Complaint, it is not clear why Plaintiff may have been at risk from Sureno members. It appears Plaintiff had suffered no gang-related attacks for three years. He does not allege that he was recently the subject of specific threats, whether from his cellmate or other Sureno gang members. He does not state the cellmate had a history of attacking or poisoning other inmates. He had lived with the Sureno cellmate for two weeks without apparent problem. There is no indication that Buchanan knew of an excessive, substantial risk to Plaintiff's safety sufficient to demonstrate that she acted with deliberate indifference. Plaintiff is given the opportunity to show cause why his failure to protect claim should not be dismissed.

### 3. Request for Good Time Credit

Plaintiff's request for relief seeks compensatory and punitive damages "or a full good time restoral." (Doc. 20, at 7.) Challenges to prison disciplinary proceedings must be raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Abdulhaseeb v. Ward*, 173 F. App'x 658, 659 n.1 (10th Cir. 2006) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (petitions under § 2241 are used to attack the execution of a sentence, including the deprivation of good-time credits and other prison disciplinary matters); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) ("If [the petitioner] can show that his due process rights were violated in the subject disciplinary proceedings, then § 2241 would be the appropriate remedy to use to restore his good time credits."); *see also Gamble v. Calbone*, 375 F.3d 1021 (10th Cir. 2004) (inmates were entitled to habeas relief on grounds that revocation of their earned credits resulting from unsupported disciplinary convictions violated due process), *superseded by statute on other grounds as stated in Magar v. Parker*, 490 F.3d 816, 818–19 (10th Cir. 2007). Plaintiff may not challenge prison disciplinary actions and the loss of good time in this

civil rights action but may only do so by filing a petition for writ of habeas corpus.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **June 30, 2025,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated May 29, 2025, in Kansas City, Kansas.**

        **S/   John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**